# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE<br>2706 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE JOINT APPRENTICE AND TRAINING FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE ANNUITY FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE PENSION FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF BRICKLAYERS & ALLIED CRAFTWORKERS LOCAL 1 OF PA/DE HEALTH & WELFARE FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154<br><br>and<br><br>TRUSTEES OF POINTERS, CLEANERS & CAULKERS LOCAL 35 VACATION FUND<br>2704 Black Lake Place<br>Philadelphia, PA 19154 | Case No. |

|  | : |
| --- | --- |
| and | : |
|  | : |
| TRUSTEES OF BRICKLAYER & TROWEL | : |
| TRADES INTERNATIONAL PENSION FUND | : |
| 620 F Street, N.W., Suite 700 | : |
| Washington, D.C. 20004 | : |
|                         Plaintiffs, | : |
|  | : |
|  | : |
|         v. | : |
|  | : |
| PHILLY WIDE RESTORATION, LLC | : |
| 3016 Green Ridge Drive | : |
| Norristown, PA 19409 | : |
|  | : |
|  | : |
|        and | : |
|  | : |
| JOHN MARCINEK | : |
| 3016 Green Ridge Drive | : |
| Norristown, PA 19409 | : |
|                         Defendants. | : |

## COMPLAINT

**(TO COLLECT AMOUNTS DUE TO BENEFIT FUNDS; FOR BREACH OF A COLLECTIVE BARGAINING AGREEMENT; AND FOR BREACH OF FIDUCIARY DUTY)**

### Parties

1. Plaintiff Bricklayers and Allied Craftworkers Local 1 of PA/DE ("BAC Local 1" or "Union") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and § 301(a) of the Labor-Management Relations Act (LMRA), 29 U.S.C. § 185(a); and an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4), with its principal office at 2706 Black Lake Place, Philadelphia, PA 19154.

2. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Joint Apprentice and Training Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Joint Apprentice and Training Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Joint Apprentice and Training Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

3. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Annuity Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Annuity Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Annuity Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

4. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Pension Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Pension Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Pension Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. Plaintiffs the Board of Trustees of the Bricklayers and Allied Craftworkers Local 1 of PA/DE Health & Welfare Fund is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Health & Welfare Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Health & Welfare Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. Plaintiffs the Board of Trustees of the Pointers, Cleaners & Caulkers Local 35 Vacation Fund (collectively, along with the Plaintiffs described in Paragraphs 2-5, "Local Benefit Funds") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The Vacation Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The Vacation Fund is administered at 2704 Black Lake Place, Philadelphia, PA 19154. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Plaintiffs the Board of Trustees of the Bricklayer and Trowel Trades International Pension Fund ("International Benefit Fund") is a multiemployer employee benefit plan as those terms are defined in Sections 3(3) and (37) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1002(3) and (37). The International Benefit Fund was established and is maintained according to the provisions of its Restated Agreement and Declaration of Trust. The International Trust Fund is administered at 620 F Street, N.W., Suite 700, Washington, D.C.

20004. The Trustees are the designated fiduciaries as defined in § 3(21) of ERISA, 29 U.S.C. § 1002(21).

8. Defendant Philly Wide Restoration, LLC ("Philly Wide") is believed and therefore averred to be a corporation organized and existing under the laws of the Pennsylvania. Philly Wide is an employer within the meaning of § 2(2) of the National Labor Relations Act, 29 U.S.C. § 152(2) and § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a). Defendant Philly Wide is also an employer within the meaning of Sections 3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14) and Section 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a, with an office located at 3016 Green Ridge Drive, Norristown, PA 19409.

9. Defendant John Marcinek ("Marcinek") is an adult citizen residing in the State of Pennsylvania. This Complaint is brought against John Marcinek in his individual capacity as well as in his capacity as President and Owner of Philly Wide. Upon information and belief, John Marcinek exercises control and discretion over the payroll of Philly Wide, including decisions regarding the collection and disbursement of any payroll deductions required under the collective bargaining agreement ("CBA" or "Collective Bargaining Agreement"), Trust Documents, or as authorized by the employees of Philly Wide. As such, John Marcinek is a fiduciary to the Union, the Local Benefit Funds and the International Benefit Fund as defined in ERISA § 3(21)(A), 29 U.S.C.A. § 1002(21)(A).

## Jurisdiction

10. This Court has jurisdiction of this action under Sections 404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1104,

1109, 1132 and 1145, under Sections 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c), and supplemental jurisdiction for any state law claims under 28 U.S.C. Section 1367(a). This is an action to collect amounts due to employee benefit plans pursuant to an audit and under the terms of the Collective Bargaining Agreement, to collect the outstanding contributions and other amounts from the owner individually, to enjoin the violations of the terms of the employee benefit plans, for breach of fiduciary duty, and for appropriate equitable relief.

11.     Venue is proper in this district pursuant to Sections 502(e)(2) of ERISA, 29 U.S.C. § 1132(e), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c), as the district in which the Local Trust Fund Plaintiffs are located and administered.

12.     This Court has personal jurisdiction over the Defendants pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Sections 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

## COUNT I

### (AMOUNTS OWED TO PLAINTIFFS FOR UNPAID CONTRIBUTIONS PURSUANT TO A PAYROLL AUDIT)

13.     Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth in Count I.

14.     Pursuant to the Collective Bargaining Agreement, Defendants agreed to pay to the Plaintiffs certain sums of money for each hour worked by Defendants' employees covered by the Collective Bargaining Agreement.

15.     On or about January 3, 2018, the certified public accounting firm of Novak Francella LLC first determined that amounts were owed to the Plaintiffs for unreported work performed during

the period January 1, 2015 through December 31, 2016. On February 5, 2018, Novak Francella reported its findings to Plaintiffs. The Plaintiffs were not aware that amounts were owed to them by the Defendants prior to that time.

16. Defendants employed certain employees covered by the Collective Bargaining Agreement, but failed to report or pay the amount when due to the Plaintiffs for all work performed by all employees in various months from January 1, 2015 through December 31, 2016 as required by the Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust in the amount of $8,817.08.

17. The Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust provide that an employer who fails to pay the amounts required when due shall be obligated to pay, in addition to the contributions owed, liquidated damages plus interest from the date due through the date of payment.

18. The Collective Bargaining Agreement and the Plaintiffs' Restated Agreements and Declarations of Trust also provide for reasonable attorneys' fees, court costs and audit fees.

## COUNT II

### (FOR BREACH OF FIDUCIARY DUTY)

19. Plaintiffs hereby restate and incorporate by reference the allegations set forth in paragraphs 1 through 18 as if fully set forth in Count II.

20. The Defendant John Marcinek executed an agreement with the Union on behalf of Philly Wide, agreeing to be bound to the terms of the Collective Bargaining Agreement and the Benefit Funds' Restated Agreements and Declarations of Trust at all relevant times.

21. The Defendant John Marcinek was and is responsible for creating and operating Philly Wide and determining the total amount of employer contributions to report and pay to the Benefit Fund Plaintiffs from Philly Wide's assets.

22. Defendant John Marcinek commingled assets of Philly Wide payable to the Plaintiffs with the general assets of Philly Wide and used those assets for purposes other than to pay the Plaintiffs.

23. Defendant John Marcinek exercised authority and control over the Benefit Fund Plaintiffs' plan assets and is a fiduciary as defined by Section 2(21) of ERISA, 29 U.S.C. § 1002(21).

24. The amounts due, unreported and unpaid by Defendant Philly Wide as determined by the payroll audit are assets of the Plaintiffs as established in the Collective Bargaining Agreement and the Benefit Funds' Restated Trust Agreements.

25. The factual contentions of this Complaint are reasonable based upon belief.

**WHEREFORE,** the Plaintiffs pray judgment on Counts I and II as follows:

1. That the Court find Defendants Philly Wide and John Marcinek liable for all amounts owed to the Plaintiffs under the Collective Bargaining Agreement as a result of this audit;

2. That the Court find the Defendant Philly Wide liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to an audit from January 1, 2015 through December 31, 2016;

3. That the Court find Defendant John Marcinek jointly and severally liable in the amount of contributions, interest, liquidated damages, attorney's fees, court costs, and audit costs owed to the Plaintiffs pursuant to the audit from January 1, 2015 through December 31, 2016;

4. To enter judgment against the Defendants Philly Wide Restoration, LLC and John Marcinek in the amount of reasonable attorney's fees and costs incurred by the Plaintiffs in bringing this action; and

5. For such further relief as the Court may deem appropriate.

                                                                                    Respectfully submitted,

DATE: December 31, 2020                             s/ Kathleen Bichner
                                                                              Kathleen Bichner, Bar No. 320946
                                                                              **O'DONOGHUE & O'DONOGHUE LLP**
                                                                              325 Chestnut Street
                                                                              Suite 600
                                                                              Philadelphia, PA  19106
                                                                              Telephone (215) 629-4970
                                                                              kbichner@odonoghuelaw.com

# **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h), on this 31st day of December 2020 on the following:

>Secretary of the Treasury
>15th. and Pennsylvania Ave., N.W.
>Washington, DC 20220
>ATTN: Employee Plans
>    Internal Revenue Service
>
>Secretary of Labor
>200 Constitution Avenue, N.W.
>Washington, DC 20210
>ATTN: Assistant Solicitor
>    for Plan Benefits Security

>                    s/ Kathleen Bichner
>                    Kathleen Bichner